No. 34,295

Mabel T. Hover, *Appellant,* v. The Cleveland Oil Company et al., *Appellees.*

(95 P. 2d 264)

Opinion filed November 10, 1939.

*Edward E. Pedroja,* of Eureka, for the appellant.
*Clay C. Carper,* of Eureka, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This was an action to recover a share of the proceeds of certain oil runs from an oil well in the city of Eureka.

The background of the lawsuit was about as follows:

In 1927 one Boyersmith and wife owned the east half of a city block (No. 15) in Eureka. Eastward of this tract and only separated from it by a city street the plaintiff, Mabel T. Hover, and husband owned an entire city block (No. 14). The John Rogers Company, a corporation, was interested in procuring oil and gas leases in that vicinity. Negotiations between these three parties resulted in the execution of leases to the John Rogers Company—one from Boyersmith and wife, and one from Mrs. Hover and husband. The Boyersmiths, the Hovers, and the Rogers company entered into a written agreement that the latter should drill a test well in the Boyersmith half-block and in the event it turned out to be a commercial well a second well should be drilled in the Hover block. The Boyersmiths and the Hovers also made a written agreement to the effect that any and all royalties which should inure to them from oil or gas produced on their respective city properties leased to the Rogers company should be pooled and apportioned between them in accordance with their relative acreages—two-thirds to the Hovers and one-third to the Boyersmiths. One provision of this contract, of prime importance in this action, read thus:

". . . all rentals, bonuses, and oil runs are to be shared in the future by the parties in the manner above described *until changed by the parties hereto.*" [Italics ours.]

The leases and agreements were all executed on the same date, June 21, 1927.

Pursuant to these arrangements a commercial oil well was completed on the Boyersmith property about August 1, 1927, and on September 10 another commercial oil well was completed on the Hover property. The royalties were apportioned between the lessors in conformity with their agreement. The oil well on the Hover property ceased to yield commercial production in about fourteen months and was abandoned and plugged. The Boyersmith well continued to be a commercial producer for several years, and the royalties therefrom continued to be apportioned according to the Boyersmith-Hover contract of 1927 until shortly before this lawsuit arose.

On May 11, 1931, the plaintiff, Mabel T. Hover, and husband sold and conveyed her Eureka city property, block 14, to The Verner-Kelly Cattle Loan Company, a Missouri corporation, by deed of general warranty. Following the legal description of the property were these words: "Subject, however, to an oil and gas lease to John Rogers as shown by the record."

Elsewhere in the deed of conveyance the title of the grantors was covenanted to be free, clear and unencumbered in every respect— "except oil and gas lease above mentioned." In all other respects the instrument of conveyance had the usual recitals of a warranty deed.

For several years following the sale and conveyance of the Hover property, the Hovers and the Boyersmiths continued to receive the royalty proceeds from the Boyersmith oil well in the ratio of two to one.

In 1933 the Cleveland Oil Company succeeded to the rights of the John Rogers Company as lessee and producer. In 1936 it made the discovery that the Boyersmiths had failed to pay the taxes on their oil-producing property for the years 1931 to 1935, inclusive, and that the property had been bought in for the county as authorized by statute. This belated discovery of the Cleveland Oil Company caused some correspondence between it and the plaintiff, and between her and the Boyersmiths, and between counsel for these litigants. Eventually the Cleveland Oil Company took the position that no royalties would be paid to anybody until the rights of all

concerned were adjudicated, and it invited a lawsuit for that purpose.

Then followed this action between Mabel T. Hover, plaintiff, against the Cleveland Oil Company, defendant. In her petition plaintiff pleaded the facts which chiefly concerned her, and alleged that her two-thirds share of the royalty oil runs of the Boyersmith lease for three years had been withheld from her, to the aggregate amount of $105.47, for which sum with interest she prayed judgment.

On motion of defendant, the Cleveland Oil Company, Mrs. Lottie Boyersmith, the Verner-Kelly Cattle Loan Company, and the board of county commissioners of Greenwood county were made parties and given time to plead.

The Cleveland Oil Company then filed answer and cross petition reciting pertinent facts with exhaustive particularity, and set up a copy of the agreement between the Boyersmiths and the Hovers, wherein they had agreed to pool their royalties and to share them together "until changed by the parties." A copy of the deed from the Hovers to the cattle loan company was also exhibited; likewise a copy of the contract between the Boyersmiths, the Hovers and the John Rogers Company (predecessor in interest of the Cleveland Oil Company). This defendant's pleading raised issues of law to be noted later.

The Verner-Kelly company filed an answer and disclaimer in which it alleged—

". . . that it accepted said warranty deed with full notice and knowledge of the terms and provisions of a certain agreement entered into by and between Mabel T. Hover and H. D. Hover, her husband, and F. W. Boyersmith and Lottie Boyersmith, his wife, on the 21st day of June, 1927, pertaining to the oil, gas and mineral rights in and under block fourteen (14) and the east half (E½) of block fifteen (15), in Bitler's second addition to the city of Eureka, Greenwood county, Kansas, . . . and that this answering defendant at no time claimed, and does not now claim, any right, title or interest in or to the oil, gas and mineral rights in or under block fourteen (14) and the east half (E½) of block fifteen (15), described in said agreement, . . ."

Lottie Boyersmith filed an answer and cross petition, raising no material dispute of fact, but giving a lengthy statement of facts which (like the Cleveland Oil Company's pleading) did raise issues of law which will require our attention as we proceed.

The defendant board of county commissioners answered alleging

that it had a tax lien on the property which it asked the trial court to protect and that it be saved from costs.

Plaintiff filed a reply which extends to eight printed pages of the abstract which raised no material issue of fact, but which, as in the pleadings of the other litigants, did seek to define and join the pertinent issues of law.

The cause was tried by the court without a jury. Such evidence as the parties cared to adduce was presented; the pertinent questions of law were argued; and the trial court made findings of fact about which no litigant has complained. Based thereon the court made certain conclusions of law, the propriety of which is the subject matter of this appeal. These, so far as material here, read:

"The court concludes as a matter of law that the contract or agreement that was entered into on the 21st day of June, 1927, by and between Lottie Boyersmith and F. W. Boyersmith, her husband, and Mabel T. Hover and Harry D. Hover, her husband, . . . terminated upon the execution and delivery of the warranty deed to the Verner-Kelly Cattle Loan Company, a corporation, on the 11th day of May, 1931, by the plaintiff, Mabel T. Hover and Harry D. Hover, and that all rights, title and interest of the said plaintiff in and to the oil and gas rights in and under the east half (E½) of block 15, Bitler's second addition to the city of Eureka, was forfeited; and that the defendants, Lottie Boyersmith and the heirs at law of F. W. Boyersmith, deceased, are the owners of the entire one-eighth (⅛) royalty; interest in and to the east half of block 15, Bitler's second addition to the city of Eureka. . . . The court further concludes as a matter of law that any and all sum or sums of money now in the possession of or under the control of the defendant and cross petitioner, the Cleveland Oil Company, is the property of the defendant and cross petitioner, Lottie Boyersmith, and the heirs at law of F. W. Boyersmith, deceased, . . ."

The trial court's further conclusions of law were that the title of the Boyersmiths to the half-block No. 15 should be quieted; that the board of county commissioners had no right or interest in the Boyersmith oil or gas mining lease nor in the royalty proceeds thereof; and that the Boyersmiths had no interest in the oil, gas or other minerals in block 14 (the Hover block conveyed to the cattle company in 1931). Judgment was entered accordingly and plaintiff appeals, complaining of the general result.

To determine the correctness of the trial court's conclusions and judgment we should keep in mind that the Boyersmith lease, the Hover lease, the Boyersmith-Hover agreement, and the Boyersmith-Hover-Rogers agreement were all executed on the same day, which fact, together with the texts of those agreements, make it perfectly

clear that they were all parts of one project which was to be undertaken for the benefit of the parties concerned—getting oil or gas production in commercial quantity from these town lots of the lessors. The Boyersmith-Hover agreement at the outset recites:

". . . whereas the said first parties (Boyersmiths) are the owners of the east half (E½) of block fifteen (15) in Bitler's second addition to the city of Eureka, Greenwood county, Kansas, and that the said second parties (Hovers) are the owners of all of block fourteen (14), Bitler's second addition to the city of Eureka, Greenwood county, Kansas," etc.

The very essence of the agreement was that the contracting parties were owners of adjacent properties suitable to be explored and exploited for oil and gas, and that any resulting royalties should be divided proportionately to their respective acreages. When the Hovers parted with their property what did they have to contribute to the common pool of possible royalties? Nothing. The agreement had quite properly provided the oil royalties should be shared until it was changed by the parties. But that result would follow when they sold their property if the agreement had not mentioned it. After the Hovers disposed of their property there was no possibility that the Boyersmiths could thereafter get any benefit from the agreement of 1927. It was of no consequence that the cattle company filed a disclaimer and that its managing officers knew of the agreement of 1927 between the Boyersmiths and Hovers. They could have had no concern with that agreement. Neither was it of any significance that the Hovers continued to receive a portion of the Boyersmith oil-well royalties for several years after 1931. That fact constituted no estoppel; neither did the statements in a letter of one of the Boyersmith heirs which assumed that Mrs. Hover was still entitled to a share of the royalties of the Boyersmith oil well estop him or his fellow heirs.

The judgment of the district court was so clearly correct that it leaves nothing open for debate or discussion. It is therefore affirmed.